UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WALTER ACOSTA,  :
 :
                           Plaintiff,  :
 :    **FIRST AMENDED**
 :    **COMPLAINT**
        -against-  :
 :    **Jury Trial Demanded**
 :
THE CITY OF NEW YORK and DEREK SAMBOLIN,  :    **ECF Case**
 :
                      Defendants.  :    15 Civ. 1149 (PKC) (RLM)
-------------------------------------------------------------------x

       Plaintiff WALTER ACOSTA, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

       1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

       4.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff WALTER ACOSTA is a resident of Brooklyn, New York.

7. Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant times herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risk incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8. Defendant DEREK SAMBOLIN (Shield No. 6906) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Sambolin was a police officer assigned to the 73rd Precinct in Brooklyn, New York. Defendant Sambolin is being sued in his individual capacity.

9. At all relevant times herein, defendant Sambolin acted under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

10. At all relevant times herein, defendant Sambolin acted within the scope of his employment with the City and the NYPD.

## STATEMENT OF FACTS

11. On Thursday, March 8, 2012, at about 10:00 p.m., plaintiff was driving east on East New York Avenue between Thomas S. Boyland and Bristol Streets in Brooklyn, New York, with two friends in the back seat.

12. Plaintiff was operating a Chevrolet Impala which he had lawfully purchased less than a month earlier, on February 9, 2012.

13. At the time of purchase, plaintiff had obtained the requisite insurance for the vehicle and registered the vehicle with the New York State Department of Motor Vehicles.

14. The vehicle insurance and registration were still in effect on March 8, 2012.

15. Plaintiff had the insurance and registration papers with him in the glove compartment of the vehicle.

16. A valid temporary license plate was affixed to the rear windshield of the vehicle.

17. Plaintiff had a valid driver's license which was in effect, had not been suspended, and was in the wallet in his pocket.

18. Plaintiff was operating the vehicle in compliance with all traffic rules and regulations.

19. As plaintiff drove past the 73rd Precinct at 1470 East New York Avenue, a police car pulled out into the street behind plaintiff's vehicle with lights on, signaling for plaintiff to pull over and stop.

20. Plaintiff promptly pulled over to the right side of the street and stopped.

21. Defendant Sambolin and two other police officers exited the police car and approached plaintiff's vehicle.

22. Defendant Sambolin and the other officers asked plaintiff for his driver's license and insurance and registration papers.

23. Plaintiff promptly retrieved those documents and handed them to defendant Sambolin and the other officers.

24. Even though all of plaintiff's documents were in proper order, even though he had a valid temporary license plate, and even though he had committed no traffic infraction, defendant Sambolin arrested plaintiff.

25. An officer ripped the valid temporary license plate from the rear windshield in plaintiff's vehicle and seized it as "arrest evidence."

26. Defendant Sambolin lacked any justification for arresting plaintiff, as there was no probable cause to believe that plaintiff had committed any crime or offense.

27. When one of plaintiff's friends verbally protested the arrest, an officer threatened to shoot the friend if he persisted in being a "tough guy."

28. Plaintiff was taken to the 73rd Precinct, where he was made to remove his clothes and squat for inspection of his anal cavity, despite the lack of probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

29. No drugs, weapons, or contraband were found on plaintiff's person or in his vehicle.

30. At about 5:30 a.m. on Friday, March 9, 2012, plaintiff was released from custody with a desk appearance ticket charging him with possession of a forged instrument in the third degree and failure to signal and requiring him to appear in Criminal Court in Kings County on April 9, 2012 to answer the charges.

31. On April 2, 2012, the Kings County District Attorney's office declined to prosecute plaintiff on any charges in connection with his arrest on March 8, 2012.

32. All of the above occurred as a direct result of the unconstitutional policies, customs and practices of the City and the NYPD, including, without limitation: the inadequate screening, hiring, retention, training, and supervision of their employees; disproportionately stopping, detaining, and falsely arresting minorities; fabricating evidence to support unjustified arrests; making arrests to meet productivity goals, for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and conducting strip searches of arrestees without probable cause or reasonable suspicion of criminal activity.

33. The existence of the above unconstitutional policies, customs, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in other civil rights actions filed in the United States District Courts for the Eastern and Southern Districts of New York, as well as in New York State courts. The City and the NYPD are thus aware (from these lawsuits, as well as from notices of claim filed with the City's Office of Comptroller and complaints filed with the City's Civilian Complaint Review Board and the NYPD's Internal Affairs Bureau) that many NYPD officers, including defendant Sambolin: disproportionately stop, detain, strip search, and falsely arrest minorities; fabricate evidence to support unjustified arrests; and make arrests to meet productivity goals, for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

34. In another civil rights action filed in this Court alleging that NYPD narcotics officers fabricated evidence, the Honorable Jack B. Weinstein, United States District Judge, observed:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed

5

> anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the City approving illegal conduct of the kind now charged.

*Colon v. City of New York*, No. 2009 Civ. 08 (JBW), 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009).

35. The existence of the above unconstitutional policies, customs, and practices may also be inferred from the admission by then NYPD Deputy Commissioner Paul J. Brown, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals" for arrests.

36. The City and the NYPD are aware that improper training of NYPD officers has often resulted in deprivation of civil rights. Despite such notice, the City and the NYPD have failed to take corrective action. This failure caused defendant Sambolin to violate plaintiff's civil rights.

37. Upon information and belief, the City and the NYPD were aware, prior to the incident giving rise to plaintiff's claims, that defendant Sambolin lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice, the City and the NYPD have retained defendant Sambolin and failed to adequately train and supervise him.

38. As a result of the incident giving rise to plaintiff's claims, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension,

embarrassment, humiliation, loss of liberty, physical restraints, loss of income, and violation of his civil rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

39. Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteen Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Unlawful Strip Search Under 42 U.S.C. § 1983)

41. Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

43. Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

45. Plaintiff repeats and realleges paragraphs "1" through "44" with the same force and effect as if they were fully set forth herein.

46. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the United States Constitution, including, but not limited to: disproportionately stopping, detaining, and falsely arresting minorities; fabricating false evidence to support unjustified arrests; making arrests to meet productivity goals, for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and conducting strip searches of arrestees without probable cause or reasonable suspicion of criminal activity.

47. The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

48. The foregoing customs, policies, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

49. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

50. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

51. The foregoing customs, policies, and practices violated plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
July 16, 2015

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

TO: BY ECF
Joseph Gutmann, Esq.
Assistant Corporation Counsel
*Attorney for Defendants*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WALTER ACOSTA,                                :
                                              :
                        Plaintiff,            :
                                              :
                                              :
            -against-                         :    15 Civ. 1149 (PKC) (RLM)
                                              :
                                              :
THE CITY OF NEW YORK and DEREK SAMBOLIN,      :
                                              :
                        Defendants.           :
------------------------------------------------------------------x
```

**FIRST AMENDED COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*